**S. W. DOUGHERTY et al., Petitioners,**

**v.**

**C. J. HUMPHREY, Independent Executor et al., Respondents.**

No. B–499.

Supreme Court of Texas.

Feb. 28, 1968.

J. E. Thompson, S. R. Lenning, Jr., and David E. Holt, Pampa, for petitioners.

Sanders, Scott, Saunders, Brian & Humphrey, Robert H. Smith, Amarillo, for respondents.

SMITH, Justice.

This is a suit between the heirs of J. W. Dougherty over the ownership of personal and real property. J. W. and Callie Dougherty were the parents of six children—S. W. Dougherty, Leola Dougherty Williams, Basil Dougherty, Callie Lee Dougherty Mann, Vera Dougherty Bidwell, and Nellie May Woods. Before the institution of this suit, Nellie May Woods died leaving as survivors, three children—Booth Woods, Alvis Woods, and Dorothy Woods Dyer. J. W. and Callie Dougherty executed a joint will in 1939, which basically provided that the survivor would have a life estate in all of the property and, on the survivor's death, the property would be divided equally among the children. Callie died in 1942. This joint will was duly probated in the Probate Court of Wheeler County, Texas. Thereafter, in 1948, J. W. Dougherty married Nona Cousins. In March, 1966, J. W. executed another will, the terms of which recognized that Callie's ½ of the real property passed by the 1939 will but provided that J. W.'s ½ of the property would pass to only one of the above-named children, Vera Dougherty Bidwell.

In April, 1966, J. W. Dougherty died. His new will was duly offered for probate; C. J. Humphrey qualified as Independent Executor and was administering the estate of J. W. Dougherty at the time this suit was filed. Petitioners, four of the above-named children,[1] and the three children of Nellie May Woods,[2] filed this declaratory judgment action against the respondents[3] seeking a judgment declaring the rights of the parties under the alleged joint and mutual will of J. W. and Callie Dougherty. The prayer of petitioners sought a distribution of the assets of the estate of J. W. Dougherty in accordance with the terms of the 1939 will instead of in accordance with the 1966 will. The respondents in their original answer specially pleaded that petitioners lost all of their interest in the real property in question in a trespass to try title suit in 1956; consequently, the disposition of the real property by J. W. Dougherty under the 1966 will, executed subsequent to the death of Callie Dougherty, should be upheld. As to the personal property in controversy, respondents pleaded that all of the personal property in the estate of J. W. Dougherty was acquired after the death of Callie Dougherty and that the personal property acquired during his marriage to Callie Dougherty had been completely exhausted and disposed of.

---

1. S. W. Dougherty, Leola Dougherty Williams, Basil Dougherty, and Callie Lee Dougherty Mann.

2. None of these three children appealed from the judgment of the court of civil appeals; consequently, they are not petitioners in this suit.

3. Only Vera Dougherty Bidwell and C. J. Humphrey, as executor of the estate of J. W. Dougherty, are respondents here. Originally, Nona Cousins Dougherty, the surviving wife of J. W. Dougherty; James Bidwell; Dorothy Woods Dyer; and C. J. Humphrey, individually, were joined as party defendants. However, Dorothy Woods Dyer, on her request, was re-aligned as a party plaintiff in the trial court. C. J. Humphrey, individually, and James Bidwell were dismissed from the suit as not being proper or necessary parties. No one appealed from the portion of the judgment of the court of civil appeals adjudicating Nona Cousins Dougherty's interest; consequently, she is not a respondent here.

At trial petitioners filed a motion for partial summary judgment in which they prayed that the real property in controversy be awarded to them as provided by the 1939 will. Petitioners did not request in their motion an adjudication of the personal property because, in their view, there was a fact issue over the proper disposition of the personal property which should be determined at a hearing on the merits. The respondents filed a motion for summary judgment in which they prayed that petitioners take nothing and that all of the property, both real and personal, belonging to J. W. Dougherty be permitted to pass by his 1966 will. The trial court granted petitioners' motion for partial summary judgment, thereby awarding to each of J. W. Dougherty's living children a ⅛th interest in the property in controversy and to Nellie May Woods' children a ⅟₁₈th interest each in the property, as provided by the terms of the 1939 joint will. However, the trial court granted that portion of the respondents' motion for summary judgment which prayed that petitioners take none of the personal property. All parties appealed. The court of civil appeals affirmed that portion of the trial court's judgment pertaining to the personal property but reversed the judgment of the trial court pertaining to the realty. 420 S.W.2d 450.

The court of civil appeals was of the view that the property should pass in accordance with the 1966 will and vested the title to the real property in question as follows: ²¹⁄₃₆ interest to Vera Dougherty Bidwell; ³⁄₃₆ interest each to S. W. Dougherty, Callie Lee Dougherty Mann, Leola Dougherty Williams, and Basil Dougherty; ¹⁄₃₆ interest each to Booth Woods, Alvis Woods, and Dorothy Woods Dyer. Petitioners have not appealed from that portion of the judgment of the court of civil appeals adjudicating all of the personal property of J. W. Dougherty to Nona Cousins Dougherty; consequently, the only matter before this Court is the disposition of the realty.

Petitioners contend that the 1939 will was a contractual will and that while J. W. Dougherty could make a later will, he could not defeat by this later will the rights of the beneficiaries under the first will. The court of civil appeals held that the rights to the property were to be determined "solely by the last [1966] will executed by J. W. Dougherty." The first reason given for that holding was that the 1939 will showed upon its face that there was an irreconcilable conflict between the first and third paragraphs of the will and that the third paragraph, as the last expression of the testator, must prevail. The pertinent portions of the will are as follows:

"It is our will and desire that the survivor of us, J. W. Dougherty or Callie Dougherty, as the case may be, shall, with the rights and authority below given, have all the estate of every description, real, personal, or mixed, which either or both of us may own, to be used, occupied, enjoyed, conveyed and expended by and during the life of such survivor, as such survivor shall desire, and that upon the death of such survivor any of such estate then remaining shall be divided equally among the persons following: Mrs. Nellie May Woods, Mrs. Vera Bidwell, Mrs. Leola Williams, Miss Callie Lee Dougherty, Sam Dougherty and Basil Dougherty.

"It is our further will and desire that should any of the above named children predecease the final survivor, of this our last will and testament, then and in that event the portion of interest of such deceased child or children shall pass to and vest in the heirs of the body of such deceased child or children. In the event such deceased child or children has no blood heirs, then such portion of their interest shall be divided equally among the surviving children enumerated in paragraph II above. Provided, however, if Mrs. Vera Bidwell should die before final settlement and division of the estate is completed, then and in that event Basil Dougherty is hereby designated and ap-

pointed as trustee to care for and manage the interest of the children of Mrs. Vera Bidwell until said children shall have become twenty-one (21) years of age.

"It is our further will and desire that in the event Callie Dougherty predeceases J. W. Dougherty, said J. W. Dougherty is hereby and herewith fully vested with all the right, title, and interest belonging to the said Callie Dougherty which she can legally convey in the entire estate. Should however, J. W. Dougherty predecease his wife, Callie Dougherty, then and in that event, Basil Dougherty is hereby named as co-executor of said estate, to have, hold and exercise equal power and authority as executor together with the surviving spouse, Callie Dougherty as co-executrix, from neither of whom bond shall be required."

The court of civil appeals applied the rule that when there is a conflict among provisions in a will, the last clause in the will controls. That rule is only applicable when it clearly appears that the clauses conflict and can not be reconciled. In our judgment, construing the will from its four corners, these paragraphs can be harmonized. The first clause in the will outlines a clear and comprehensive plan on the part of J. W. and Callie Dougherty for disposition of the entire estate "of every description, real, personal or mixed, which either or both of us may own * * * and that upon the death of such survivor any of such estate then remaining shall be divided equally among" the six children of their marriage. Under the first paragraph of the will, J. W. Dougherty was empowered to use the property in any way he chose while he lived. He was given the power to manage the property as he saw fit. He could have even sold it under the provisions of the will, but he was still bound to leave the property remaining at his death to the six named children. The third paragraph of the will, after repeating the interest J. W. had in the property if Callie died first,

established that one of the children would be a co-executor of the estate with Callie if J. W. were the first to die. One would not expect to find in a paragraph, which provides in part for a co-executor, a sentence that would vitiate the general scheme of the entire will. The third paragraph was inserted to provide at most for an executor of the estate and was not meant to enlarge the estate which the survivor would receive under the terms of the will as a whole.

The second reason that the court of civil appeals held that the property in question must pass by the 1966 will was because petitioners had lost their claim to the property in a trespass to try title action. The trespass to try title action arose as follows: In 1948, after qualifying as executor under the 1939 will and after accepting the terms of said will, J. W. Dougherty executed a deed conveying to his children above-named all of the real property disposed of in the 1939 will. Later, J. W. Dougherty filed suit against his children seeking to rescind and cancel the deed. His children answered and filed a cross-action in trespass to try title against their father. In 1956, a judgment was entered in this cause canceling the deed and ordering the children to take nothing in their trespass to try title cross-action. The children did not appeal; therefore, this judgment became final. According to the court of civil appeals, since petitioners put in issue the title and possession of the land in the trespass to try title cross-action and since a take nothing judgment was rendered against them, any interest that petitioners might have in the property was extinguished and all of the title to the real property became vested in J. W. Dougherty; hence, the property passed by the 1966 will.

In our view, whether or not the petitioners lost all of their right, title and interest by virtue of the judgment in the trespass to try title suit depends upon the nature of the interest in the title held by the petitioners under the 1939 will at the time the judgment was entered in the trespass to

try title suit. If the interest of the petitioners in the property prior to the death of their father was such as would support an action in trespass to try title, the take nothing judgment against the petitioners divested them of their interest in the land involved in this suit. We have concluded that the petitioners' interests would not support an action in trespass to try title. Their interests under the will were fixed by the probate of the 1939 will as of the date of Callie Dougherty's death. Weidner v. Crowther, 157 Tex. 240, 301 S.W.2d 621 (1957); Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588 (1954); Caples v. Ward, 107 Tex. 341, 179 S.W. 856 (1915); and March v. Huyter, 50 Tex. 243 (1878). Under the provisions of the 1939 will the petitioners were to have no right of possession of the property until the death of their father.

■ J. W. Dougherty held the property as a life tenant with the right to dispose of the property in any way he saw fit during his lifetime. The only restriction placed upon his control of the property was that the property remaining at his death would pass to the named-children in the will. In our view, petitioners did not place this interest in issue when they filed the cross-action in trespass to try title in 1956 since they had no right of possession to the property at that time. This Court held in Moore v. Snowball, 98 Tex. 16, 26, 81 S.W. 5, 9, 66 L.R.A. 745 (1904), in passing upon a similar question, that if a person sues in trespass to try title and seeks to obtain relief which is unavailable to him in trespass to try title, he is not barred by that judgment from thereafter seeking proper relief. In the case before us now, petitioners had no rights under the 1939 will which they could assert against their father in trespass to try title. The only judgment that the trial court could have rendered in that suit was a take nothing judgment. The holdings in Permian Oil Company v. Smith, 129 Tex. 413, 73 S.W.2d 490, 107 S.W.2d 564,

111 A.L.R. 1152 (1937), and other such cases, have no application here because the parties in those cases asserted rights in trespass to try title which could be adjudicated. Consequently, adverse rulings in prior suits served as res judicata to prevent later suits over the issues which had already been decided. Whereas, in the case before us, the trespass to try title action in 1956 did not and could not adjudicate the rights of petitioners to the property under the 1939 will.

■ The respondents assert by counter point that in the event this Court concludes to reverse the judgment of the court of civil appeals, judgment should not be rendered for the petitioners, but that judgment should be entered remanding the cause to the trial court. The basis for the contention is that there is a material issue of fact presented by the record in the trial court as to whether the 1939 will is a contractual will. We overrule this contention. If the 1939 will is to be found as being contractual in nature, such finding must be drawn from the provisions of the will itself, as the will is the only evidence of the intent of J. W. and Callie Dougherty. Our holding on this point is controlled by Murphy v. Slaton, supra. In Murphy v. Slaton, this Court stated that a will viewed as a whole can be sufficient evidence to prove that the will was executed pursuant to an agreement. In the case before us now, as in Murphy v. Slaton, the will as a whole sets forth a comprehensive plan for disposing of the entire estate of the testator and testatrix. The will not only provides for the disposition of the property upon the death of the first to die, it provides for the disposition of the property remaining at the death of the survivor. It is clear from reading the will as a whole that it was executed by the parties to carry out a planned disposition of all of the property then owned by both parties. J. W. Dougherty caused the 1939 will to be probated and accepted benefits under it. He was bound by the provisions of

◊

the 1939 will as to any property covered by the will and remaining at his death.

There is one other matter presented in connection with respondents' counter-point requesting that this cause be remanded. The respondents contend that the affidavit in support of the petitioners' motion for partial summary judgment regarding the *intent* of the parties in making the will is insufficient because "it states nothing more than a conclusion based solely upon mere hearsay." It is further contended that the affiant was an interested witness. In view of our holding that as a matter of law the 1939 will is a contractual will, all questions pertaining to the supporting affidavit are immaterial.

We come now to the judgment to be entered in this cause. As we have heretofore pointed out, the only question before us is the court of civil appeals' disposition of the realty in controversy. Petitioners have not appealed from the court of civil appeals' judgment adjudicating the personalty to Nona Cousins Dougherty nor have Booth Woods, Alvis Woods, or Dorothy Woods Dyer appealed from the court of civil appeals' judgment adjudicating their interest in the realty. Hence, we affirm the judgment of the court of civil appeals insofar as it awards all of the personalty to Nona Cousins Dougherty and a ⅜₆th interest in the realty to be divided equally among Booth Woods, Alvis Woods, and Dorothy Woods Dyer. We reverse the judgment of the court of civil appeals insofar as it pertains to the rest of the realty in question and render judgment awarding ⅜₆th of the realty to each of the following—S. W. Dougherty, Leola Dougherty Williams, Basil Dougherty, and Callie Lee Dougherty; and ⅜₆th of the realty in question to Vera Dougherty Bidwell.

All costs incurred in this Court are adjudged against the respondents.