**In the ESTATE OF Dahlia Maurine Wood McFATTER.**

**No. 04–02–00151–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 20, 2002.

Chad M. Upham, Joe M. Davis, Kelly Putney Rogers, Nunley, Davis, Jolley & Hill, L.L.P., Boerne, for Appellant.

James D. Stewart, James D. Stewart & Associates, Inc., San Antonio, Todd A. Durden, Durden & Durden, P.L.L.C., Uvalde, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

Opinion by: ALMA L. LÓPEZ, Justice.

This appeal arises from a will contest. Lawrence Colwell, Warren Colwell, and Gene McFatter (collectively referred to as the "Colwells") appeal a summary judgment granted in favor of Harley M. Wood ("Wood"). The Colwells contend that the trial court erred in granting summary judgment in favor of Wood because the will executed by John Jefferson McFatter ("John") and Dahlia Maurine Wood McFatter ("Maurine") in 1968 was not a contractual will or an election will. Because we hold the will was not a contractual will or an election will, we reverse the trial court's judgment. We render judgment that the will was not a contractual will or an election will.

### BACKGROUND

In 1968, John and Maurine signed a three-page last will and testament. The text of the will, which is contained on a single page, reads as follows:

THAT we, John Jefferson McFatter, Jr. and Dahlia Maurine Wood McFatter, husband and wife, of Edwards County, Texas, being in good health, of sound and disposing mind and memory, and above the age of nineteen years, do make and publish this our Last Will and Testament, hereby revoking all wills by us, or either of us, at any time heretofore made.

*FIRST:* We direct that all our just debts, funeral expenses and administration expenses be paid after our deaths as soon as may be convenient.

*SECOND:* It is our will and desire that the survivor of us, John Jefferson McFatter, Jr. or Dahlia Maurine Wood McFatter, as the case may be, shall have all the estate of every description, real, personal or mixed, which either or both of us may own to have and to hold as his or her property absolutely.

*THIRD:* We hereby appoint John Jefferson McFatter, Jr. or Dahlia Maurine Wood McFatter independent executor or executrix, as the case may be, of this will and direct that no bond shall be required in either event and that no other action shall be had in the county court in relation to the settlement of said estate than the probating and recording of this will and the return of inventory, appraisement and list of claims.

The other two pages of the will contained the witnesses' signatures and the notarization.

John passed away on March 16, 1998, and the 1968 will was admitted to probate. The entire estate passed to Maurine. On July 19, 2001, Maurine executed a new will, revoking the 1968 will. Maurine passed away on August 1, 2001. On August 3, 2001, Wood filed an application to probate the 1968 will. On August 6, 2001, the Colwells filed an application to probate the 2001 will. Each side contested the other's application and moved for summary judgment.

Wood's motion contends that the 1968 will is a contractual will or an election will. The Colwells' motion contends that the 1968 will is not a contractual will but vested Maurine with fee simple absolute title

in the entire estate as it passed to her on John's death. The trial court granted summary judgment in favor of Wood.[1]

### STANDARD OF REVIEW

To prevail on a motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *Shah v. Moss,* 67 S.W.3d 836, 842 (Tex.2001). All doubt is resolved against the movant, and the evidence is viewed in the light most favorable to the nonmovants. *Id.* All evidence favorable to the nonmovant is taken as true. *Id.* When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary judgment evidence and determine all questions presented. *FM Properties Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex.2000). The reviewing court must render the judgment that the trial court should have rendered. *Id.*

### JOINT AND MUTUAL OR CONTRACTUAL WILL

A joint will is a single testamentary instrument containing the will of two or more persons that is jointly executed by them pursuant to an agreement to dispose of their respective estates. *In re Estate of Johnson,* 781 S.W.2d 390, 392 (Tex.App.-Houston [1st Dist.] 1989, writ denied); *Fisher v. Capp,* 597 S.W.2d 393, 398 n. 4 (Tex.Civ.App.-Amarillo 1980, writ ref'd n.r.e.). A mutual or contractual will is one that is executed pursuant to an agreement by the testators to dispose of all of their property in a particular manner, each in

---

1. Wood attached two affidavits in support of his motion for summary judgment, but the trial court sustained the Colwells' exceptions to those affidavits. The Colwells attached an affidavit to their response to Wood's motion, but urged the trial court to only consider the

affidavit if the trial court did not sustain the Colwells' objections to Wood's affidavits. As a result, the only evidence before the trial court, as it related to the issue of whether the 1968 will is contractual, was the 1968 will.

consideration of the other. *In re Estate of Johnson*, 781 S.W.2d at 392; *Fisher*, 597 S.W.2d at 398 n. 4. "The primary characteristic of a joint [and mutual] or contractual will is a comprehensive plan for the disposition of all property owned by both parties." *Reynolds v. Estate of Benefield*, 995 S.W.2d 885, 887 (Tex.App.-El Paso 1999, pet. denied); *see also Fisher*, 597 S.W.2d at 398.

■ Texas views claims of mutual, contractual wills cautiously. *Magids v. American Title Ins. Co.*, 473 S.W.2d 460, 464 (Tex.1971); *Reynolds*, 995 S.W.2d at 887. The party contending that a will is contractual has the burden of proof. *Magids*, 473 S.W.2d at 465; *Reynolds*, 995 S.W.2d at 887–88; *Fisher*, 597 S.W.2d at 398. Contractual wills can be established only by full and satisfactory proof, and no presumptions or inferences are indulged in favor of them. *Magids*, 473 S.W.2d at 464.

■ A two-prong test applies in determining if a will is contractual. *Reynolds*, 995 S.W.2d at 888; ·*Fisher*, 597 S.W.2d at 399. First, the gift to the survivor is not absolute and unconditional, even though it may initially appear to be so. *Reynolds*, 995 S.W.2d at 888; *Fisher*, 597 S.W.2d at 399. Second, the balance remaining from the estate of the first to die and the estate of the last to die is treated as a single estate and jointly disposed of by both testators in the secondary dispositive provisions of the will. *Dougherty v. Humphrey*, 424 S.W.2d 617, 621 (Tex.1968); *Reynolds*, 995 S.W.2d at 888; *Fisher*, 597 S.W.2d at 399.

Wood focuses much attention on the use of plural pronouns to contend that the 1968 will contained a comprehensive plan for the disposition of all property. However, this court has previously held, "The mere fact that [the testators] signed a joint will, or that they frequently used the pronouns we, us and our does not establish the fact that the will was executed pursuant to an agreement to make a mutual will." *City of Corpus Christi v. Coleman*, 262 S.W.2d 790, 794 (Tex.Civ.App.-San Antonio 1953, no writ).

■ In cases in which the courts have found that the gift to the survivor is not absolute and unconditional, the language in the will generally implies a limitation on the survivor's interest to a life estate, thereby meeting the first prong of the test. *See Alviar v. Gonzalez*, 725 S.W.2d 297, 298 (Tex.App.-Corpus Christi 1986, writ ref'd n.r.e.) (granting survivor all property to be used, occupied, enjoyed, conveyed and expanded by and during the lifetime of such survivor); *Fisher*, 597 S.W.2d at 399 (granting testators use and possession of estate "while either of us live"). In this case, however, the will provided that the survivor would hold the entire estate "as his or her property absolutely." Furthermore, in keeping with the second prong of the test, many cases rely on the presence of a secondary dispositive provision to prove that the disposition of the property upon the death of the first was not intended to be an absolute and unconditional gift. *See Dougherty*, 424 S.W.2d at 620, 621; *In re Estate of Johnson*, 781 S.W.2d at 392, 393; *Fisher*, 597 S.W.2d at 399. In this case, however, the 1968 will does not contain a secondary dispositive provision; therefore, the will does not meet the second prong of the test. Because the 1968 will does not satisfy the two-prong test, the 1968 will is not a mutual or contractual will as a matter of law.[2]

2. The conclusion that the 1968 will is not contractual is further bolstered when the general rules for construing wills are applied. In construing a will, the court's focus is on the testator's intent, which must be ascertained from the language found within the four cor-

## ELECTION WILL

■ The Colwells also assert that the 1968 will is not an election will. In his brief, Wood responds by asserting that Maurine "was estopped by having taken under the joint and mutual will."

■ "The doctrine of election is based on the principle that a person may not take benefits under a will and, at the same time, set up a right or claim of his own, even if well founded, which would defeat or in any way prevent the full effect and operation of every part of the will." *Smith v. Smith*, 657 S.W.2d 457, 459 (Tex. App.-San Antonio 1983, writ ref'd n.r.e.). "[A] beneficiary under a will is put to an election only where the will expresses the testator's purpose to dispose of the beneficiary's property in such clear and unequivocal language that the will is open to no other construction." *Id.* at 459–60. "Since it is presumed that a testator intends to dispose only of his own property, a beneficiary under a will is put to an election only where the will expresses the testator's purpose to dispose of the beneficiary's property in such clear and unequivocal language that the will is open to no other construction." *Id.* at 459–60.

In this case, the will's language does not clearly and unequivocally support an intent by John to dispose of Maurine's property. Instead, John's stated purpose was to convey all of the property he owned to Maurine if she was the survivor. Concluding that Maurine received fee simple absolute title under the will does not in any way prevent the full effect and operation of every part of the will.

In *City of Corpus Christi v. Coleman*, this court discussed the election or estoppel theory in a situation in which the husband and wife executed a will that was determined not to be a mutual or contractual will. 262 S.W.2d at 794. This court concluded, "if the will was not in fact a mutual will, [the wife] would not be estopped simply by having it probated as the individual will of her husband and accepting the benefits under it." *Id.* at 795. Accordingly, the will is not an election will, and Maurine was not estopped from making a new will.

## CONCLUSION

The trial court's judgment is reversed, and judgment is rendered that the 1968 will is not a contractual or election will as a matter of law.

ners of the will. *San Antonio Area Foundation v. Lang*, 35 S.W.3d 636, 639 (Tex.2000). If the will is unambiguous, a court should not go beyond specific terms in search of the testator's intent. *Id.* A "construction which would render the decedent intestate as to any part of his estate is not favored." *McGill v. Johnson*, 799 S.W.2d 673, 676 (Tex.1990).

The testators stated their intent that the estate pass to the survivor as his or her property "absolutely." The 1968 will did not provide for any additional disposition, thereby showing an intent that the disposition to the survivor was the only disposition to be made. *See Alviar*, 725 S.W.2d at 299 (noting failure to dispose of remainder would evidence intent that will passed fee simple if language of will did not clearly state that only life estate passed to survivor). Construing the will as conveying an absolute and unconditional gift avoids a construction that would result in the passage of the remainder by intestacy. Accordingly, the rules of construction also support our conclusion that the will is not contractual as a matter of law.