Lorenz, et al. v. Janssen, et al.













NUMBER 13-02-00356-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JOHN P. LORENZ, ET AL., Appellants,


v.



OTTO JANSSEN, JR., ET AL., Appellees.

 


On appeal from the County Court of Wharton County, Texas.


 


O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez


Opinion by Justice Hinojosa



 This is a will construction case. Appellants, John P. Lorenz, James M. Lorenz,
Michael J. Lorenz, and Mary Ann Lorenz Benton, appeal from the trial court's order
granting the motion for summary judgment of appellees, Otto Janssen, Jr., Laura Janssen,
Ernest G. Schluter, Jr., and Carl Richard Schluter. In two issues, appellants contend the
trial court erred in granting the motion. We affirm.

A. Background and Procedural History

 Henrietta Krueger ("Henrietta") and her husband, Paul Krueger ("Paul"), executed
a joint and mutual will ("Will") on September 11, 1941. Paul died in 1942 and Henrietta
filed an application to probate the Will shortly thereafter. The Will was probated in
Wharton County, and Henrietta was appointed independent executrix. The Will devised
a life estate in all of the couple's property to the surviving spouse. Following the death of
the surviving spouse, the Will bequeathed a life estate to the surviving children. The
remainder interest of the estate passed to the "natural" (1) children of Paul and Henrietta's
children.

 In 1956, Adolph Paul Janssen and appellee Otto Janssen, Jr., two of Henrietta's
grandchildren, filed suit in the district court of Wharton County seeking a declaratory
judgment that appellants take nothing under the Will as adopted children of Minnie Krueger
Lorenz, Henrietta's daughter. The court ruled against appellants, specifically declaring that
neither the children adopted by a child of Paul and Henrietta Krueger, nor the issue of any
such adopted children are entitled to any interest under the Will.

 When Henrietta died in 1970, the Will was again probated, and the order probating
the Will made specific reference to the fact that such provisions were previously interpreted
in the 1956 action. When Minnie Krueger Lorenz, appellants' mother, passed away in
1986, her life estate terminated and passed to her surviving siblings, instead of her
adopted children.

 As the adopted grandchildren of Henrietta, appellants filed a suit for declaratory
judgment to determine, inter alia, the effect of the 1956 judgment, whether the 1970
probate of Henrietta's Will was valid, and appellants' rights under the Will. In a motion for
summary judgment, appellants asked the trial court to declare as a matter of law that the
1956 judgment was void and not binding because the court lacked subject matter
jurisdiction; that the 1970 order probating Henrietta's Will was void for lack of proper
service on Henrietta's heirs; and that the terms of the Will were not a bar to appellants'
right to take an interest under the Will. In their motion for summary judgment, appellees
asked the trial court to declare that the terms of Henrietta's Will should be construed at the
time the Will was executed, and that appellants' claims were barred by res judicata in light
of the 1956 and 1970 proceedings. The trial court granted appellees' motion and denied
appellants' motion. This appeal ensued.

B. Standard of Review

 We review the granting of a traditional motion for summary judgment de novo. 
Branton v. Wood, 100 S.W.3d 645, 646 (Tex. App.-Corpus Christi 2003, no pet.). To
sustain an order granting summary judgment, we must determine that the pleadings and
summary judgment evidence establish that no genuine issue of material fact exists and
that the movant is entitled to judgment as a matter of law. McFadden v. Am. United Life
Ins. Co., 658 S.W.2d 147, 148 (Tex. 1983). We accept all evidence favorable to the
nonmovant as true, indulge the nonmovant with every reasonable inference, and resolve
any doubt in the nonmovant's favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 549
(Tex. 1985). Summary judgment is proper if the movant disproves at least one element
of each of the plaintiff's claims or affirmatively establishes each element of an affirmative
defense to each claim. Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). 
A defendant moving for summary judgment on an affirmative defense has the burden to
conclusively establish that defense. Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529,
530 (Tex. 1997).

 When both sides move for summary judgment and the trial court grants one motion
but denies the other, the reviewing court should review both motions for summary
judgment, determine all questions presented to the trial court, and render the judgment that
the trial court should have rendered. Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988).

C. Analysis

 In their first issue, appellants contend the trial court erred in granting appellees'
motion for summary judgment on res judicata grounds.

 The doctrine of res judicata prevents parties and their privies from relitigating a
finally-adjudicated claim and related matters that should have been litigated in a prior suit. 
State & County Mut. Fire Ins. Co. v. Miller, 52 S.W.3d 693, 696 (Tex. 2001); Lopez v.
Sulak, 76 S.W.3d 597, 605 (Tex. App.-Corpus Christi 2002, no pet.). Summary judgment
is proper in a case barred by res judicata. Lopez, 76 S.W.3d at 606. However, a claim is
not barred by res judicata if the court rendering judgment in the initial suit lacked subject
matter jurisdiction over the claim. Id.; Montgomery v. Blue Cross & Blue Shield of Tex.,
Inc., 923 S.W.2d 147, 150 (Tex. App.-Austin 1996, writ denied).

 Appellants challenge the district court's 1956 judgment. They contend the district
court had no jurisdiction over the case because there was no justiciable controversy. 
Appellees contend the 1956 judgment is valid and binding upon appellants because the
district court had subject matter jurisdiction to determine the future interest of the appellees
as remaindermen. Determining whether res judicata precludes appellants' claim requires
us to decide whether the district court, in 1956, had subject matter jurisdiction to adjudicate
appellants' rights following the probate of the Will in 1942.

 Subject matter jurisdiction requires that the party bringing the suit have standing,
that there be a live controversy between the parties, and that the case be justiciable. State
Bar v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994). The determination of whether adopted
grandchildren are vested or contingent remaindermen under a probated contractual will is
a justiciable controversy. See Ortega v. First RepublicBank Fort Worth, N.A., 792 S.W.2d
452, 456 (Tex. 1990); see also Quilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579,
582 (1955) (law favors vesting of estates at earliest possible period). A contractual will
becomes effective immediately upon probating the will when the first spouse dies. Vickrey
v. Gilmore, 554 S.W.2d 36, 39 (Tex. Civ. App.-Waco 1977, no writ). By this, the rights of
the beneficiaries under a contractual will can be declared by a court in spite of the
continued life of the surviving spouse. See Baugh v. Myers, 620 S.W.2d 909, 911 (Tex.
Civ. App.-Corpus Christi 1981, writ ref'd n.r.e.). Thus, our determination of whether the
current action is barred by res judicata will turn on whether the Will is contractual.

 Texas courts have traditionally viewed claims of mutual, contractual wills cautiously. 
Reynolds v. Estate of Benefield, 995 S.W.2d 885, 887 (Tex. App.-El Paso 1999, pet.
denied). Where found, the law will enforce contractual wills to avoid a manifest injustice
in allowing the obligations of the will to be disavowed after the other party has fully
performed by abiding by the will until his ability to revise it has been terminated by death. 
Novak v. Stevens, 596 S.W.2d 848, 852 (Tex. 1980); Kilpatrick v. Estate of Harris, 848
S.W.2d 859, 865 (Tex. App.-Corpus Christi 1993, no writ). Contracts of this nature can
only be established by full and satisfactory proof, and no presumptions or inferences will
be indulged in favor of them. Magids v. Am. Title Ins. Co., 473 S.W.2d 460, 464 (Tex.
1971). There are two sources of proof of a contractual will - the instrument itself (2) and
extrinsic evidence. Perl v. Howell, 650 S.W.2d 523, 526 (Tex. App.-Dallas 1983, writ ref'd
n.r.e.).

 Contractual wills are best identified by a comprehensive plan for the disposition of
all property owned by both parties. Novak, 596 S.W.2d at 852; Murphy v. Slaton, 154 Tex.
35, 273 S.W.2d 588, 593 (1954). We apply a two-pronged test to determine if a will is
contractual and a comprehensive plan existed. Fisher v. Capp, 597 S.W.2d 393, 398 (Tex.
Civ. App.-Amarillo 1980, writ ref'd n.r.e.). First, the gift to the survivor must not be
absolute and unconditional, even though it may initially appear to be so. Reynolds, 995
S.W.2d at 888; Fisher, 597 S.W.2d at 399. Second, the remaining estate of the first to die
and the estate of the last to die is treated as a single estate and jointly disposed of by both
testators in the secondary dispositive provisions of the will. Dougherty v. Humphrey, 424
S.W.2d 617, 621 (Tex. 1968); In re Estate of McFatter, 94 S.W.3d 729, 733 (Tex.
App.-San Antonio 2002, no pet.).

 Here, the language of the Will does not make an absolute or unconditional gift to
the surviving spouse and jointly disposes of the Kruegers' remaining estate following the
death of the surviving spouse. By the terms of the Will, the surviving spouse received the
rights to all the property and revenues of the predeceasing spouse in a life estate. At the
death of the surviving spouse, the remaining estate was disposed of as a single estate. 
Upon the death of the surviving spouse, the entire estate passed as a life estate to the
testators' children with the remainder interest passing to their "natural" grandchildren as
stipulated in the secondary dispositive provisions of the Will. This comprehensive plan for
the disposition of the Kruegers' property establishes a contractual will because it, "treats
the property of the testator as one, and the dispositions made are the joint gifts from the
testators." Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 168 (1946).

 Because the Will is contractual, the rights of all beneficiaries and remaindermen
who took under it were vested at the time Henrietta probated the Will in 1942, following
Paul's death. See Dougherty, 424 S.W.2d at 621; see also Vickrey, 554 S.W.2d at 39. 
The "natural" grandchildren of Paul and Henrietta had a present interest in the probate
property as vested remaindermen while Henrietta kept possession of her life estate. 
Therefore, the district court had proper jurisdiction in 1956 to construe the Will and declare
the rightful beneficiaries entitled to take under it. See Ortega, 792 S.W.2d at 456.

 Accordingly, we conclude the district court's 1956 judgment is binding on appellants
and renders the current action barred by the doctrine of res judicata. See Miller, 52
S.W.3d at 696. We hold the trial court did not err in granting appellees' motion for
summary judgment on res judicata grounds.

 We overrule appellants' first issue. In light of our disposition of this issue, it is not
necessary to address appellants' second issue. See Tex. R. App. P. 47.1.

 We affirm the trial court's order granting appellees' motion for summary judgment.


 FEDERICO G. HINOJOSA

 Justice



Opinion delivered and filed this the

4th day of September, 2003.
1. Term used in the Will.
2. We note that the Will at issue was executed in 1941, well before the 1979 mandate that a
contractual will must specifically state a contract exists to be valid. Tex. Prob. Code Ann. § 59A (Vernon
2003). Thus, the Will's lack of an express declaration that evinces a contract does not affect our examination
of the instrument. See Wiemers v. Wiemers, 683 S.W.2d 355, 356 (Tex. 1984).