OPINION


No. 04-05-00036-CV

IN THE ESTATE OF ALTON H. FRIESENHAHN, Deceased,


From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2001-PC-1400
Honorable Tom Rickhoff, Judge Presiding

                        OPINION ON APPELLEES’ MOTION FOR REHEARING
 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Catherine Stone, Justice
Sarah B. Duncan, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   November 2, 2005

AFFIRMED IN PART; REVERSED AND RENDERED IN PART; REVERSED AND
REMANDED IN PART

            The motion for rehearing and motion for rehearing en banc filed by appellees, Daniel
Friesenhahn, Dale Friesenhahn and Diane Anglin, are denied. This court’s opinion and judgment
dated July 27, 2005, are withdrawn, and this opinion and judgment are substituted. We substitute
this opinion to delete a misstatement concerning the record.
            Elaine Friesenhahn appeals from an adverse summary judgment in her declaratory judgment
action. Because we conclude the summary judgment evidence establishes that Alton Friesenhahn’s
will devised certain real property to Elaine in fee simple, we reverse the trial court’s judgment and
render judgment that Elaine is the owner in fee simple of the Stuart Road property; we reverse and
remand the issue of attorney’s fees. The trial court’s judgment is affirmed in all other respects.
Background
            Alton and Elaine Friesenhahn were husband and wife. In 1996, while married, they each
executed wills on the same day. Alton died approximately four years later, and his will was admitted
to probate. Elaine filed an application to set apart exempt property and for a family allowance, and
an original petition for declaratory judgment naming Alton’s adult children from a prior marriage
as respondents (“the Friesenhahn children”). In her declaratory judgment action, Elaine sought to
have the court construe Alton’s will. Specifically, she asked the court to make a determination that
the will devised certain real property to Elaine in fee simple, and to declare that the real property
referred to in the will as the “home at 4597 Stuart Road” included approximately nineteen acres of
land, as it had been previously described in the final divorce decree dissolving the marriage between
Alton and his first wife. The Friesenhahn children filed a general denial in response to the
declaratory judgment action. 
            Elaine subsequently filed a motion for summary judgment in her declaratory judgment action,
asserting both traditional and no evidence grounds. In her motion, Elaine alleged that “there is no
genuine issue of material fact as to whether Alton’s will devised the Stuart Road property to [Elaine]
in fee simple, thereby negating the possibility that the wills are contractual” and “there is no genuine
issue of material fact that the wills in question cannot meet the statutory test for contractual wills.” 
As summary judgment evidence, Elaine submitted a copy of the divorce decree and an affidavit from
her attorney on the issue of reasonable and necessary attorney’s fees. Alton’s will was on file in the
probate matter and was also, therefore, before the trial court. See Tex. R. Civ. P. 166a(c) (judgment
shall be rendered if the summary judgment proof, “on file at the time of the hearing, or filed
thereafter with permission of the court, shows that, . . . there is no genuine issue of material fact and
the moving party is entitled to judgment as a matter of law.” The Friesenhahn children filed a
response to Elaine’s motion, but did not submit any summary judgment evidence or file their own
summary judgment motion.
            After conducting a hearing and reviewing the motion and summary judgment evidence, the
trial court denied Elaine’s motion for summary judgment to the extent that it sought a declaration
that the will devised the Stuart Road property to Elaine in fee simple.


 Rather than merely denying
Elaine’s request to have the will declared non-contractual as a matter of law, the trial court went
further and declared that the wills of Alton and Elaine did form a contract. Specifically, the final
summary judgment order included a finding by the court that, “the will of Alton H. Friesenhahn, and
the will of Elaine Friesenhahn, Movant, form a contract.” The trial court further denied Elaine’s
request for attorney’s fees, and severed the declaratory judgment action from the underlying probate
matter, rendering the summary judgment final for purposes of appeal. This appeal followed.
Analysis
Summary Judgment
            This court reviews a trial court’s summary judgment ruling under a de novo standard of
review. Estate of Arlitt v. Paterson, 995 S.W.2d 713, 717 (Tex. App.—San Antonio 1999, pet.
denied). We will uphold a traditional summary judgment only if the movant has established that
there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of
law on a ground expressly set forth in the motion. Tex. R. Civ. P. 166a (c); Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether the summary judgment record
establishes the absence of a genuine issue of material fact, we view as true all evidence favorable to
the non-movant and indulge every reasonable inference in favor of the non-movant. Nixon, 690
S.W.2d at 548-49. 
            Elaine contends that the trial court erred in denying her summary judgment request that
Alton’s will be construed as conveying the Stuart Road property to her in fee simple because the
summary judgment evidence demonstrated that there were no disputed issues of fact and she was
therefore entitled to summary judgment as a matter of law. See Tex. R. Civ. P. 166a (c). In most
cases, an order denying a motion for summary judgment is not a final judgment and, therefore, is not
appealable. See Ackermann v. Vordenbaum, 403 S.W.2d 362, 365 (Tex. 1966). Here, however, the
trial court ruled on all of the issues in the declaratory judgment action and severed that action from
the underlying probate matter, making the summary judgment final for purposes of appeal. See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001). 
            Elaine contends that Alton’s will devises the Stuart Road property to her in fee simple and
that therefore, Alton’s will can not be considered contractual. A mutual or contractual will is one
executed pursuant to an agreement between the testators to dispose of all their property in a
particular manner, each in consideration of the other. In the Estate of McFatter, 94 S.W.3d 729,
732-33 (Tex. App.—San Antonio 2002, no pet.). Texas courts view claims of contractual wills
cautiously. Magids v. Am. Title Ins. Co., 473 S.W.2d 460, 464 (Tex. 1971). To establish that a will
is contractual, a two-prong test must be met. In the Estate of McFatter, 94 S.W.3d at 733. First, the
property at issue must not be conveyed to the survivor as an absolute and unconditional gift. Id. 
Second, the remainder of the estate of the first to die and the estate of the last to die are treated as
a single estate following the death of the survivor, which is jointly disposed of by both testators in
the secondary dispositive provisions of the will. Id. A contractual will can be established only by
the provisions of the will itself, or the provisions of a binding and enforceable written agreement. 
See Tex. Prob. Code Ann. § 59A (Vernon Supp. 2004-05)


; Estate of Hearn v. Hearn, 101 S.W.3d
657, 660 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); but see Lorenz v. Janssen, 116 S.W.3d
421, 425 (Tex. App.—Corpus Christi 2003, no pet.) (considering extrinsic evidence as one method
of proving a contractual will); Magids, 473 S.W.2d at 465 (court should look to will itself and
extrinsic evidence).
            The relevant provisions in Alton’s will state:
It is my will and desire that my home at 4597 Stuart Road, Adkins, Bexar County,
Texas 78101, shall pass to and vest in my wife, ELAINE LOUISE FRIESENHAHN,
and I do hereby devise said real property to her. 
            . . . 
It is my will and desire that in the event my said wife, Elaine Louise Friesenhahn,
shall predecease me, then and in that event the said property at 4597 Stuart Road,
Adkins, Bexar County, Texas, shall then pass to and vest in said children, Danny
Friesenhahn, Dale Friesenhahn, and Diane Anglin, and I do hereby devise and
bequeath said property and estate unto them, share and share alike. 
            . . . 
 
I have executed this Last Will and Testament concurrently with my said wife, Elaine
Louise Friesenhahn, having executed her Last Will and Testament, a copy of which
is attached hereto and made a part hereof, both of said Last Wills and Testaments
having been executed in accordance with a contract between us, and this is to
acknowledge that both said wills are contractual and can not be revoked without the
written consent of both myself and my wife.

            Regarding the first prong of the test for a contractual will, courts have generally found
contractual wills where the gift to the surviving spouse is limited to a life estate. In the Estate of
McFatter, 94 S.W.3d at 733; see e.g., Lorenz, 16 S.W.3d at 425. Here, Alton’s will uses the words,
“shall pass to and vest in my wife” and, “hereby devise said real property to her” without any
restrictions. The language of Alton’s will does not limit the conveyance of the property to Elaine,
and the Friesenhahn children do not direct us to any language in Alton’s will which creates even an
implied limitation.


 Based on the express language of the will, and the law’s presumption that an
estate in fee simple is devised unless expressly limited, we hold that Alton’s will conveys the Stuart
Road property to Elaine as an absolute and unconditional gift in fee simple. See Tex. Prop. Code
Ann. § 5.001(a) (Vernon 2004); Russell v. City of Bryan, 919 S.W.2d 698, 705 (Tex. App.—
Houston [14th Dist.] 1996, writ denied). Accordingly, the first prong of the test to establish a will
as contractual can not be met as a matter of law.
            Regarding the second prong, courts generally require that there be some secondary dispositive
provisions in the will which direct the distribution of the remaining estates after the death of both
the first and last to die. In the Estate of McFatter, 94 S.W.3d at 733; see also Novak v. Stevens, 596
S.W.2d 848, 851-52 (Tex. 1980). Here, Alton’s will contains no such provisions. The will does
contain a provision for the real property to go to Alton’s children in the event that Elaine predeceased
him. This provision simply creates alternate beneficiaries; it does not provide for the disposition of
the Stuart Road property after the death of Elaine if Alton was the first to die. Moreover, Alton’s
will neither refers to any of Elaine’s property nor makes any provision for the disposition of their
property after Elaine’s death in the event that she is the last to die. In the absence of any secondary
dispositive provisions, the will can not meet the second prong of the test for a contractual will as a
matter of law. In the Estate of McFatter, 94 S.W.3d at 733. Because Alton’s will fails to meet either
prong of the test to establish a contractual will, Elaine was entitled to summary judgment declaring
that Alton’s will is not a contractual will and conveyed the property to her outright. 
Attorney’s Fees
            The trial court has discretion to award costs and attorney’s fees as part of a declaratory
judgment action. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997); Bocquet v. Herring,
972 S.W.2d 19, 20 (Tex. 1998). Elaine included a request for recovery of attorney’s fees in her
declaratory judgment action and in her motion for summary judgment. She submitted the affidavit
of her attorney as summary judgment evidence stating that a fee of $7,886.25 is reasonable for the
amount of work he performed on the case. The affidavit states that all work performed was
necessary and that the reasonableness of the fee was determined in consideration of the factors
outlined by the Texas Supreme Court. See Arthur Andersen & Co. v. Perry Equip. Corp., 945
S.W.2d 812, 818 (Tex. 1997). The Friesenhahn children did not challenge the evidence of attorney’s
fees, the amount requested, or the reasonableness and necessity of the fees in their response to
Elaine’s motion for summary judgment. Because the attorney’s fees were unchallenged, the affidavit
of the lawyer as an expert on his fees is sufficient summary judgment proof of the reasonableness
of the fees requested. Querner Truck Lines, Inc. v. Alta Verde Indus., Inc., 747 S.W.2d 464, 468
(Tex. App.—San Antonio 1988, no writ). Because the trial court denied Elaine’s motion for
summary judgment, it did not reach the issue of whether or not to award attorney’s fees. See
Bocquet, 972 S.W.2d at 21 (declaratory judgment act imposes four limitations on the trial court’s
discretion in awarding attorney’s fees – they must be reasonable, necessary, equitable, and just);
Templeton v. Dreiss, 961 S.W.2d 645, 671 (Tex. App.—San Antonio 1998, pet. denied) (in
declaratory judgment action, trial court can award attorney’s fees to the winner, the loser, or to
neither). Given our conclusion that Elaine’s motion for summary judgment on the construction of
Alton’s will should have been granted by the trial court, we remand the issue of attorney’s fees to
the trial court for further consideration.
Conclusion
            Based on the foregoing analysis, we reverse the trial court’s judgment finding that Alton
Friesenhahn’s will is a contractual will, and render judgment that Alton’s will conveyed the Stuart
Road property to Elaine in fee simple. We reverse the trial court’s denial of attorney’s fees and
remand the issue of attorney’s fees for further proceedings consistent with this opinion. The trial
court’s judgment is affirmed in all other respects.
 
Phylis J. Speedlin, Justice