**In the ESTATE OF Alton H. FRIESENHAHN, Deceased.**

No. 04–05–00036–CV.

Court of Appeals of Texas, San Antonio.

Nov. 2, 2005.

Rehearing Overruled Dec. 12, 2005.

Keith P. Miller, Miller & Astoria, L.L.P., Gilbert Vara, Jr., The Law Office of Gilbert Vara, Jr., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION ON APPELLEES' MOTION FOR REHEARING.

Opinion by PHYLIS J. SPEEDLIN, Justice.

The motion for rehearing and motion for rehearing en banc filed by appellees, Daniel Friesenhahn, Dale Friesenhahn and Diane Anglin, are denied. This court's opinion and judgment dated July 27, 2005, are withdrawn, and this opinion and judgment are substituted. We substitute this opinion to delete a misstatement concerning the record.

Elaine Friesenhahn appeals from an adverse summary judgment in her declaratory judgment action. Because we conclude the summary judgment evidence establishes that Alton Friesenhahn's will devised certain real property to Elaine in fee simple, we reverse the trial court's judgment and render judgment that Elaine is the owner in fee simple of the Stuart Road property; we reverse and remand the issue of attorney's fees. The trial court's judgment is affirmed in all other respects.

### BACKGROUND

Alton and Elaine Friesenhahn were husband and wife. In 1996, while married, they each executed wills on the same day. Alton died approximately four years later, and his will was admitted to probate. Elaine filed an application to set apart exempt property and for a family allowance, and an original petition for declaratory judgment naming Alton's adult children from a prior marriage as respondents ("the Friesenhahn children"). In her de-

Elizabeth Conry Davidson, Henry Ridgeway, Law Office of Henry Ridgeway, San Antonio, for appellant.

claratory judgment action, Elaine sought to have the court construe Alton's will. Specifically, she asked the court to make a determination that the will devised certain real property to Elaine in fee simple, and to declare that the real property referred to in the will as the "home at 4597 Stuart Road" included approximately nineteen acres of land, as it had been previously described in the final divorce decree dissolving the marriage between Alton and his first wife. The Friesenhahn children filed a general denial in response to the declaratory judgment action.

Elaine subsequently filed a motion for summary judgment in her declaratory judgment action, asserting both traditional and no evidence grounds. In her motion, Elaine alleged that "there is no genuine issue of material fact as to whether Alton's will devised the Stuart Road property to [Elaine] in fee simple, thereby negating the possibility that the wills are contractual" and "there is no genuine issue of material fact that the wills in question cannot meet the statutory test for contractual wills." As summary judgment evidence, Elaine submitted a copy of the divorce decree and an affidavit from her attorney on the issue of reasonable and necessary attorney's fees. Alton's will was on file in the probate matter and was also, therefore, before the trial court. *See* Tex.R. Civ. P. 166a(c) (judgment shall be rendered if the summary judgment proof, "on file at the time of the hearing, or filed thereafter with permission of the court, shows that, ... there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.") The Friesenhahn children filed a response to Elaine's motion, but did not submit any

summary judgment evidence or file their own summary judgment motion.

After conducting a hearing and reviewing the motion and summary judgment evidence, the trial court denied Elaine's motion for summary judgment to the extent that it sought a declaration that the will devised the Stuart Road property to Elaine in fee simple.[1] Rather than merely denying Elaine's request to have the will declared non-contractual as a matter of law, the trial court went further and declared that the wills of Alton and Elaine did form a contract. Specifically, the final summary judgment order included a finding by the court that, "the will of Alton H. Friesenhahn, and the will of Elaine Friesenhahn, Movant, form a contract." The trial court further denied Elaine's request for attorney's fees, and severed the declaratory judgment action from the underlying probate matter, rendering the summary judgment final for purposes of appeal. This appeal followed.

## ANALYSIS

### *Summary Judgment*

This court reviews a trial court's summary judgment ruling under a *de novo* standard of review. *Estate of Arlitt v. Paterson,* 995 S.W.2d 713, 717 (Tex.App.-San Antonio 1999, pet. denied). We will uphold a traditional summary judgment only if the movant has established that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law on a ground expressly set forth in the motion. Tex.R. Civ. P. 166a (c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether the summary judgment record establishes the absence of a genu-

---

1. The trial court granted Elaine's motion for summary judgment to the extent that it asked for a clarification of the legal description of the real property devised in the will. Because there is no issue raised on appeal regarding the judgment's legal definition of the real property involved, we do not disturb that portion of the trial court's judgment.

ine issue of material fact, we view as true all evidence favorable to the non-movant and indulge every reasonable inference in favor of the non-movant. *Nixon*, 690 S.W.2d at 548–49.

Elaine contends that the trial court erred in denying her summary judgment request that Alton's will be construed as conveying the Stuart Road property to her in fee simple because the summary judgment evidence demonstrated that there were no disputed issues of fact and she was therefore entitled to summary judgment as a matter of law. *See* Tex.R. Civ. P. 166a (c). In most cases, an order denying a motion for summary judgment is not a final judgment and, therefore, is not appealable. *See Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex.1966). Here, however, the trial court ruled on all of the issues in the declaratory judgment action and severed that action from the underlying probate matter, making the summary judgment final for purposes of appeal. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex.2001).

▆▆▆ Elaine contends that Alton's will devises the Stuart Road property to her in fee simple and that therefore, Alton's will can not be considered contractual. A mutual or contractual will is one executed pursuant to an agreement between the testators to dispose of all their property in a particular manner, each in consideration of the other. *In the Estate of McFatter*, 94 S.W.3d 729, 732–33 (Tex.App.-San Anto-

nio 2002, no pet.). Texas courts view claims of contractual wills cautiously. *Magids v. Am. Title Ins. Co.*, 473 S.W.2d 460, 464 (Tex.1971). To establish that a will is contractual, a two-prong test must be met. *In the Estate of McFatter*, 94 S.W.3d at 733. First, the property at issue must not be conveyed to the survivor as an absolute and unconditional gift. *Id.* Second, the remainder of the estate of the first to die and the estate of the last to die are treated as a single estate following the death of the survivor, which is jointly disposed of by both testators in the secondary dispositive provisions of the will. *Id.* A contractual will can be established only by the provisions of the will itself, or the provisions of a binding and enforceable written agreement. *See* Tex. Prob.Code Ann. § 59A (Vernon Supp.2004–05)[2]; *Estate of Hearn v. Hearn*, 101 S.W.3d 657, 660 (Tex. App.-Houston [1st Dist.] 2003, pet. denied); *but see Lorenz v. Janssen*, 116 S.W.3d 421, 425 (Tex.App.-Corpus Christi 2003, no pet.) (considering extrinsic evidence as one method of proving a contractual will); *Magids*, 473 S.W.2d at 465 (court should look to will itself and extrinsic evidence).

▆▆▆ The relevant provisions in Alton's will state:

> It is my will and desire that my home at 4597 Stuart Road, Adkins, Bexar County, Texas 78101, shall pass to and vest in my wife, ELAINE LOUISE FRIESENHAHN, and I do hereby devise said real property to her.

---

2. Current section 59A of the Texas Probate Code, effective September 1, 2003, provides:
   (a) A contract to make a will or devise, or not to revoke a will or devise, if executed or entered into on or after September 1, 1979, can be established only by:
   (1) provisions of a. written agreement that is binding and enforceable; or
   (2) provisions of a will stating that a contract does exist and stating the material provisions of the contract.

(b) The execution of a joint will or reciprocal wills does not by itself suffice as evidence of the existence of a contract.
Tex. Prob.Code Ann. § 59A. Here, the only summary judgment evidence on the matter of contractual wills was Alton's will. There was no evidence regarding Elaine's will or a separate written agreement, nor was there any extrinsic evidence offered or considered.

. . .

It is my will and desire that in the event my said wife, Elaine Louise Friesenhahn, shall predecease me, then and in that event the said property at 4597 Stuart Road, Adkins, Bexar County, Texas, shall then pass to and vest in said children, Danny Friesenhahn, Dale Friesenhahn, and Diane Anglin, and I do hereby devise and bequeath said property and estate unto them, share and share alike.

. . .

I have executed this Last Will and Testament concurrently with my said wife, Elaine Louise Friesenhahn, having executed her Last Will and Testament, a copy of which is attached hereto and made a part hereof, both of said Last Wills and Testaments having been executed in accordance with a contract between us, and this is to acknowledge that both said wills are contractual and can not be revoked without the written consent of both myself and my wife.

■ Regarding the first prong of the test for a contractual will, courts have generally found contractual wills where the gift to the surviving spouse is limited to a life estate. *In the Estate of McFatter*, 94 S.W.3d at 733; *see e.g., Lorenz*, 116 S.W.3d at 425. Here, Alton's will uses the words, "shall pass to and vest in my wife" and, "hereby devise said real property to her" without any restrictions. The language of Alton's will does not limit the conveyance of the property to Elaine, and the Friesenhahn children do not direct us to any language in Alton's will which creates even an implied limitation.[3] Based on the express language of the will, and the law's presumption that an estate in fee simple is devised unless expressly limited, we hold

that Alton's will conveys the Stuart Road property to Elaine as an absolute and unconditional gift in fee simple. *See* Tex. Prop.Code Ann. § 5.001(a) (Vernon 2004); *Russell v. City of Bryan*, 919 S.W.2d 698, 705 (Tex.App.-Houston [14th Dist.] 1996, writ denied). Accordingly, the first prong of the test to establish a will as contractual can not be met as a matter of law.

Regarding the second prong, courts generally require that there be some secondary dispositive provisions in the will which direct the distribution of the remaining estates after the death of both the first and last to die. *In the Estate of McFatter*, 94 S.W.3d at 733; *see also Novak v. Stevens*, 596 S.W.2d 848, 851–52 (Tex.1980). Here, Alton's will contains no such provisions. The will does contain a provision for the real property to go to Alton's children in the event that Elaine predeceased him. This provision simply creates alternate beneficiaries; it does not provide for the disposition of the Stuart Road property after the death of Elaine if Alton was the first to die. Moreover, Alton's will neither refers to any of Elaine's property nor makes any provision for the disposition of their property after Elaine's death in the event that she is the last to die. In the absence of any secondary dispositive provisions, the will can not meet the second prong of the test for a contractual will as a matter of law. *In the Estate of McFatter*, 94 S.W.3d at 733. Because Alton's will fails to meet either prong of the test to establish a contractual will, Elaine was entitled to summary judgment declaring that Alton's will is not a contractual will and conveyed the property to her outright.

### Attorney's Fees

■ The trial court has discretion to award costs and attorney's fees as part of

---

**3.** The inclusion of language stating that Alton's and Elaine's wills were executed concurrently and in accordance with a contract

does not in itself make the wills contractual. *See Magids*, 473 S.W.2d at 465–66.

a declaratory judgment action. TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997); *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex.1998). Elaine included a request for recovery of attorney's fees in her declaratory judgment action and in her motion for summary judgment. She submitted the affidavit of her attorney as summary judgment evidence stating that a fee of $7,886.25 is reasonable for the amount of work he performed on the case. The affidavit states that all work performed was necessary and that the reasonableness of the fee was determined in consideration of the factors outlined by the Texas Supreme Court. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex.1997). The Friesenhahn children did not challenge the evidence of attorney's fees, the amount requested, or the reasonableness and necessity of the fees in their response to Elaine's motion for summary judgment. Because the attorney's fees were unchallenged, the affidavit of the lawyer as an expert on his fees is sufficient summary judgment proof of the reasonableness of the fees requested. *Querner Truck Lines, Inc. v. Alta Verde Indus., Inc.*, 747 S.W.2d 464, 468 (Tex. App.-San Antonio 1988, no writ). Because the trial court denied Elaine's motion for summary judgment, it did not reach the issue of whether or not to award attorney's fees. *See Bocquet*, 972 S.W.2d at 21 (declaratory judgment act imposes four limitations on the trial court's discretion in awarding attorney's fees-they must be reasonable, necessary, equitable, and just); *Templeton v. Dreiss*, 961 S.W.2d 645, 671 (Tex.App.-San Antonio 1998, pet. denied) (in declaratory judgment action, trial court can award attorney's fees to the winner, the loser, or to neither). Given our conclusion that Elaine's motion for summary judgment on the construction of Alton's will should have been granted by the trial court, we remand the issue of attorney's fees to the trial court for further consideration.

## CONCLUSION

Based on the foregoing analysis, we reverse the trial court's judgment finding that Alton Friesenhahn's will is a contractual will, and render judgment that Alton's will conveyed the Stuart Road property to Elaine in fee simple. We reverse the trial court's denial of attorney's fees and remand the issue of attorney's fees for further proceedings consistent with this opinion. The trial court's judgment is affirmed in all other respects.