

# NUMBER 13-14-00667-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE ESTATE OF MILDRED OZELLA FAVOR PURSLEY
## A/K/A MILDRED F. PURSLEY, DECEASED

### On appeal from the Probate Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Rocky Pursley filed an application to probate a 2007 will and 2010 codicil of his mother, Mildred F. Pursley. Appellees Harold Pursley, Jr. and Rolland Pursley,[1] filed an opposition to the application, alleging Mildred's will and codicil breached the terms of a 1975 contractual will executed by Mildred and Harold W. Pursley, Sr., Mildred's husband who predeceased her. The trial court granted summary judgment in favor of

---

[1] Appellees are appellant's brothers.

appellees and imposed a constructive trust on Mildred's estate in favor of the 1975 will's provisions.

By one issue, Rocky argues the trial court erred in granting summary judgment, because: (1) the 1975 will is not a contractual will; (2) Mildred's later will and codicil do not breach the terms of the 1975 will; and (3) the 1975 will is ambiguous. We affirm.

## I. BACKGROUND

The summary judgment record reflects the following. In 1975, Mildred and Harold, Sr. executed a joint will, which provides in relevant part as follows:

> We, Harold W. Pursley and Mildred F. Pursley, husband and wife . . . do hereby make and publish this our Last Will and Testament, to-wit:
>
> . . . .
>
> IV.
>
> It is our will and desire that the survivor of us, Harold W. Pursley or Mildred F. Pursley, as the case may be, shall, with the rights and authority below given, have all the estate of every description, real, personal or mixed, which either of us may own, to be used, occupied, enjoyed, conveyed and expended by and during the life of such survivor, as such survivor shall desire and that upon the death of such survivor, any of such estate then remaining shall go to and vest in any child or children of this marriage.
>
> V.
>
> In the event that we shall both die in the same accident or disaster, or within the same week, then all of such estate of every description, real, personal or mixed, which either or both of us may own at the time of the first of such deaths, or if the order of such deaths is not ascertained, at the time of either of such deaths, shall without respect to which of us may survive the other, go to and vest in our beloved children, Harold Wayne Pursley, Jr., Rolland Hugh Pursley and Rocky Joe Pursley, share and share alike.

2

Harold, Sr. died in 1980, and Mildred probated the 1975 will. In 2007, Mildred executed a new will expressly revoking the 1975 will, and in 2010, Mildred amended the 2007 will with a codicil.

Following Mildred's death in 2011, Rocky filed an application to probate her 2007 will and 2010 codicil. Harold, Jr. and Rolland filed their opposition to the application, arguing, in part, that Mildred's later will and codicil were executed in breach of the 1975 will, which they maintained is a contractual will. Harold, Jr. and Rolland requested that the trial court impose a constructive trust on the estate in favor of the terms of the 1975 will, or, alternatively, that the trial court admit the 1975 will to probate. Harold, Jr. and Rolland later filed a traditional motion for summary judgment arguing that the 1975 will is contractual and that Mildred breached its terms by executing a subsequent will and codicil. Rocky filed a no-evidence summary judgment motion arguing that there was no evidence that the 1975 will is contractual or that the alleged contract was breached.

The trial court denied Rocky's no-evidence motion for summary judgment and granted Harold, Jr. and Rolland's traditional motion for summary judgment. The trial court found, in relevant part, that:

1. The will executed by Harold W. Pursley and Mildred F. Pursley on April 29, 1975 is a contractual will. The language in paragraph IV. "any child or children of this marriage" provided for the remainder of the estate to be conveyed as a class gift and therefore, mandates the distribution to all persons identified in that class, those being all the children.

2. The court concludes (reading the 1975 will as a whole instrument) that it was the intent of Harold W. Pursley when he executed the 1975 will with his wife, that at his passing (if he died first) and at the subsequent passing of his wife, any estate left over was to go and vest in his beloved children, Harold Wayne Pursley, Jr., Rolland Hugh Pursley and Rocky Joe Pursley, share and share alike.

3. The proferred [sic] will executed by Mildred F. Pursley dated April 13, 2007 is a breach of the 1975 contractual will. The proferred [sic] First Codicil executed by Mildred F. Pursley dated January 13, 2010 is a breach of the 1975 contractual will.

The trial court later severed its summary judgment rulings into a separate cause and entered a final judgment imposing a constructive trust on the estate in favor of the 1975 will's provisions. Rocky filed a "Motion for New Trial and/or Modification of the Judgment", which the trial court denied. This appeal followed.

## II. SUMMARY JUDGMENT REVIEW

We review a trial court's summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002). The party moving for traditional summary judgment bears the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *Mann Frankfort*, 289 S.W.3d at 848; *see* TEX. R. CIV. P. 166a(c).

A no-evidence summary judgment motion is essentially a motion for a pretrial directed verdict. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (citing TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006)). A party without the burden of proof may, without presenting evidence, seek

4

summary judgment on the ground that there is no evidence to support one or more essential elements of the non-movant's claim or defense. Tᴇx. R. Cɪv. P. 166a(i). The trial court must grant the motion unless the non-movant produces summary judgment evidence that raises a genuine issue of material fact. Tᴇx. R. Cɪv. P. 166a (i); *Timpte Indus.*, 286 S.W.3d at 310.

When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides, determine all questions presented, and, if we determine that the trial court erred, render the judgment the trial court should have rendered. *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004) (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)).

### III. Cᴏɴᴛʀᴀᴄᴛᴜᴀʟ Wɪʟʟ

By his sole issue, Rocky argues that the trial court erred in concluding that the 1975 will is a contractual will. Specifically, Rocky maintains that "Mildred and Harold, Sr., specifically chose not to determine in their 1975 will what child or children would receive what share of the remaining property" but "left the future interest, if any, to be determined at the survivor's discretion." Rocky further argues that, even if the will is contractual in nature, Mildred's subsequent will and codicil did not breach its terms. Rocky argues, in the alternative, that the 1975 will is ambiguous. We disagree.

### A. Standard of Review and Applicable Law

5

Our foremost inquiry in construing a testator's will is to determine the testator's intent. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000); *Coleman v. Coleman*, 350 S.W.3d 201, 203 (Tex. App.—San Antonio 2011, no pet.). We ascertain the testator's intent by looking to the provisions of the instrument as a whole, as set forth within the four corners of the instrument. *Perfect Union Lodge No. 10 v. Interfirst Bank of San Antonio, N.A.*, 748 S.W.2d 218, 220 (Tex. 1988). The will should be construed so as to give effect to every part of it, if the language is reasonably susceptible of that construction. *Id.* Terms are to be given their plain, ordinary, and generally accepted meanings unless the instrument itself shows them to have been used in a technical or different sense. *Steger v. Muenster Drilling Co.*, 134 S.W.3d 359, 372 (Tex. App.—Fort Worth 2003, pet. denied). If possible, all parts of the will must be harmonized, and every sentence, clause, and word must be considered in ascertaining the testator's intent. *Id.* "If the will is unambiguous, [we will] not go beyond specific terms in search of the testatrix's intent." *Lang*, 35 S.W.3d at 639.

The determination of whether a will is ambiguous is a question of law, which we review de novo. *See Harris v. Hines*, 137 S.W.3d 898, 903 (Tex. App.—Texarkana 2004, no pet.); *Hurley v. Moody Nat'l Bank of Galveston*, 98 S.W.3d 307, 310 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Additionally, construction of an unambiguous will is a matter of law, which we review de novo. *Coleman*, 350 S.W.3d at 203.

The party who asserts the will is contractual has the burden of establishing that fact. *Nye v. Bradford*, 193 S.W.2d 165, 167 (Tex. 1946). The contract may be established by the provisions of the will itself, or the will and extrinsic evidence may be

6

combined to satisfy the burden. *Id.* at 168; *Fisher v. Capp*, 597 S.W.2d 393, 398 (Tex. Civ. App.—Amarillo 1980, writ ref'd n.r.e.). Because no extrinsic evidence was presented here, we must determine the contractual nature of the joint will based solely on the language contained within the four corners of the document. *In re Estate of Osborne*, 111 S.W.3d 218, 220 (Tex. App.—Texarkana 2003, pet dism'd).

"A joint will becomes contractual when it is executed pursuant to an agreement between the testators to dispose of their property in a particular manner, each in consideration of the other." *Id.* (citing *Nye*, 193 S.W.2d at 168; *Ellexson v. Ellexson*, 467 S.W.2d 515, 519 (Tex. Civ. App.—Amarillo 1971, no writ)). To determine if a joint will is contractual, the primary factor to consider is whether the will, as a whole, sets forth "a comprehensive plan for disposing of the whole estate of either or both" of the testators. *Murphy v. Slaton*, 273 S.W.2d 588, 593 (Tex. 1954); *see Novak v. Stevens*, 596 S.W.2d 848, 852 (Tex. 1980). A joint will constitutes a contractual will if it meets the following two-prong test: (1) the gift to the survivor is not absolute and unconditional, even though it may initially appear to be so; and (2) the balance remaining from the estate of the first to die and the estate of the last to die is treated as a single estate and jointly disposed of by both testators in the secondary dispositive provisions of the will.[2] *In re Estate of McFatter*, 94 S.W.3d 729, 733 (Tex. App.—San Antonio 2002, no pet.) (citing *Dougherty v. Humphrey*, 424 S.W.2d 617, 621 (Tex. 1968); *Reynolds v. Estate of Benefield*, 995 S.W.2d 885, 888 (Tex. App.—El Paso 1999, pet. denied); *Fisher*, 597 S.W.2d at 399).

---

[2] Texas Estates Code section 254.004 requires that a joint will expressly recite that a contract exists. *See* TEX. ESTATES CODE ANN. § 254.004 (West, Westlaw through 2015 R.S.) (formerly codified as TEX. PROB. CODE § 59A). However, this section is not applicable here because the 1975 will was executed prior to the statute's effective date of September 1, 1979. *Id.*

A contractual will can be revoked by a subsequent will to the extent the subsequent will does not contradict the terms of the contract. *Osborne*, 111 S.W.3d at 223; *Novak*, 596 S.W.2d at 853. A subsequent will can be admitted to probate, but if the later will seeks to circumvent the terms of the contractual will, the proper remedy is to impose a constructive trust on the estate in order to enforce the contract. *Osborne*, 111 S.W.3d at 223; *Novak*, 596 S.W.2d at 853.

**B.     Analysis**

We first note that the 1975 will provides for a disposition of property to the survivor that is neither unconditional nor absolute. *See Dougherty*, 424 S.W.2d at 621; *McFatter*, 94 S.W.3d at 733. Upon the death of either Mildred or Harold, Sr., the 1975 will passes the entire estate to the surviving spouse "to be used, occupied, enjoyed, conveyed and expended by and during *the life of such survivor*, as such survivor shall desire[.]" (Emphasis added). Where, as here, the language of the will manifests the intention of the testator to pass the right to possess, use or enjoy property during her life, a life estate is created. *See Alviar v. Gonzalez*, 725 S.W.2d 297, 298–99 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.) (granting the survivor all property to be used, occupied, enjoyed, conveyed and expanded by and during the lifetime of such survivor); *Fisher*, 597 S.W.2d at 399 (granting the testators the use and possession of the estate "while either of us live"). "The added full power of disposition given to a life tenant does not change a life estate to a fee." *Alviar*, 725 S.W.2d at 298 (citing *Edds v. Mitchell*, 143 Tex. 307, 184 S.W.2d 823, 825 (1945)). Accordingly, we construe the 1975 will's language as

8

conveying a life estate to the surviving spouse, a disposition which is neither unconditional nor absolute. *See id.*

Second, we observe that the 1975 will treats the balance remaining from the estate of the first to die and the estate of the last to die as a single estate which is jointly disposed of by both testators in the secondary dispositive provisions of the will. *See Dougherty*, 424 S.W.2d at 621; *McFatter*, 94 S.W.3d at 733. The secondary provision of the 1975 will disposes of the remaining estate as follows: "upon the death of [the surviving spouse], any of such estate then remaining shall go to and vest in any child or children of this marriage." We also note the testators' use of plural pronouns throughout the will: "*We*, Harold W. Pursley and Mildred F. Pursley, husband and wife . . . do hereby make and publish this *our* Last Will and Testament[;]" "It is *our* will and desire[;]" and "which either of *us* may own[.]" (Emphasis added). While the use of the plural pronouns "our," "we," and "us" alone does not establish a contractual will, it is evidence of an intention of both testators to treat their property as a single estate. *See Osborne,* 111 S.W.3d at 221 (citing *Nye*, 193 S.W.2d at 168).

Rocky contends the will is not contractual because it does not "jointly dispose of [the] remaining interest in a comprehensive plan." Specifically, Rocky argues that by providing the remainder of the estate "shall go to and vest in any child *or* children of this marriage[,]" Harold, Sr. and Mildred "specifically chose not to determine . . . what child or children would receive what share of the remaining property." (Emphasis added). Rocky maintains that by using the disjunctive "or"—Harold, Sr. and Mildred intended to give the survivor "the option of devising the property to one or more of the children of the

9

marriage." Harold, Jr. and Roland counter that "the above-stated terms unconditionally show that the 1975 will provided for a disposition, by class gift, of the remaining estate . . . after the survivor of the two had passed away." We agree with Harold, Jr. and Roland.

A devise constitutes a class gift when it grants property to a group of persons "bearing a certain relationship to the testator or to each other." *Deviney v. NationsBank*, 993 S.W.2d 443, 449–50 (Tex. App.—Waco 1999, pet. denied) (citing *Wilkes v. Wilkes*, 488 S.W.2d 398, 403 (Tex.1972)). A group of persons form a class when they can be designated by the same general name such as "children," "grandchildren," "nephews," "brothers," or "sisters." *Wilkes*, 488 S.W.2d at 403. A class gift must be an aggregate sum to a body of persons uncertain at the time of the gift. *In re Estate of Womack*, 280 S.W.3d 317, 321 (Tex. App.—Amarillo 2008, pet. denied). There exists a presumption that each member of a class takes an equal share in the property. *See Wilkes*, 488 S.W.2d at 403; *Sinnott v. Gidney*, 322 S.W.2d 507, 512 (Tex. 1959).

Relying on traditional principles of contract construction, Rocky argues that by using the disjunctive in the phrase "any child or children", Harold, Sr. and Mildred intended to give the survivor "the option of devising the property to one or more of the children of the marriage." However, "where the meaning of the language used in the will has been settled by usage and sanctioned by judicial decisions, it is presumed to be used in the sense that the law has given to it[.]" *Mitchell v. Mitchell*, 244 S.W.2d 803, 806 (Tex. 1951) (citation omitted); *see also Lang*, 35 S.W.3d at 642. Further, where, as here, the will was drafted by an attorney,[3] and the attorney used technical terms to carry out the

---

[3] The parties do not dispute that the will was drafted by an attorney.

intentions of the testator, it "may be assumed that such terms used in the will were used correctly and intentionally." *Mitchell*, 244 S.W.2d at 806.

We note that at the time the will was drafted, Texas courts routinely construed the phrase "child or children" as a class designation. *See Cutrer v. Cutrer*, 345 S.W.2d 513, 517 (Tex. 1961) (construing gift to "child or children" as a class gift); *Decker v. Elliott*, 425 S.W.2d 880, 881 (Tex. Civ. App.—Fort Worth 1968, writ ref'd n.r.e.) (same); *Donald v. Troxell*, 346 S.W.2d 398, 399 (Tex. Civ. App.—Eastland 1961, writ ref'd n.r.e.) (construing will devising remainder estate to class identified as "child or children"); *Glenn v. Holt*, 229 S.W. 684, 685 (Tex. Civ. App.—El Paso 1921, no writ) (same); *Sullivan v. Skinner*, 66 S.W. 680, 681 (Tex. Civ. App.—San Antonio 1902, writ ref'd) (concluding that devise of remainder estate to "any child or children" was a gift to all children). We conclude that the phrase "child or children" has a settled and technical meaning which identifies a class gift to all children. Therefore, we reject Rocky's argument that the 1975 will fails to "jointly dispose of [the] remaining interest in a comprehensive plan."

We conclude that the 1975 will is contractual in nature. The will unambiguously sets forth a comprehensive plan for disposing of the entire estate of Harold, Sr. and Mildred, while providing both for the disposition of the property upon the death of the first to die and the disposition of the property remaining at the death of the survivor. *See Dougherty*, 424 S.W.2d at 621 (concluding that joint will constituted a contractual will where it provided for the disposition of the property upon the death of the first to die, and the disposition of the property remaining at the death of the survivor). We also conclude that Mildred's later will and codicil, which provide for disposition of the remainder estate

11

to only two of the three Pursley children, circumvents the terms of the 1975 will, which provides for the a class gift to all of the Pursley children. Therefore, the trial court did not err in granting summary judgment in favor of Harold, Jr. and Roland and imposing a constructive trust on the estate to enforce the terms of the 1975 will. *See Osborne*, 111 S.W.3d at 223; *Novak*, 596 S.W.2d at 853. We overrule Rocky's sole issue.

## IV. Conclusion

We affirm the judgment of the trial court.

GREGORY T. PERKES
Justice

Delivered and filed the
24th day of November, 2015.